## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**CHARLES RANDALL HARRISON,**
      **Petitioner,**

vs.                                     **3:10cv451/RV/MD**

**UNITED STATES OF AMERICA,**
      **Respondent.**

___

## REPORT AND RECOMMENDATION

This case is before the court upon a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (doc. 1). Petitioner has paid the appropriate filing fee. Upon review of the petition, it is the conclusion of court that the petition should be summarily denied.

Petitioner Charles Harrison reports that he was convicted of conspiracy to possess with intent to distribute methamphetamine and amphetamines and possession of amphetamines in this court in case 3:96cr57/RV. His conviction and sentence were affirmed on direct appeal, and a motion for post conviction relief pursuant to 28 U.S.C. § 2255 was granted in part and denied in part. (Doc. 1 at 3).[1] He brings the instant petition pursuant to 28 U.S.C. § 2241, contending that the remedy under § 2255 was or is inadequate or ineffective because he is challenging the constitutionality of the criminal statute under which he was convicted and thus the legality of his continued incarceration. (Doc. 1 at 3). The basis for his claim is his assertion that Public Law 80-772, which enacted the statute under which he was convicted, was never passed or signed in the

___

1 Among defendant's post-conviction motions are two motions pursuant to § 2255, a petition for writ of audita querela, two motions to be released from prison, numerous motions for discovery, a motion to dismiss the criminal action for lack of subject matter jurisdiction, several motions for relief from judgment pursuant to Rule 60(b) and motions for reconsideration or appeals of the denial of these motions. See generally, 3:96cr57/RV.

presence of a quorum or majority of both houses of Congress. He seeks dismissal of the indictment against him in criminal case 3:96cr57/RV.

A petition pursuant to title 28 U.S.C. § 2241 is not the proper vehicle for raising the instant challenge. The continuation or execution of an initially valid confinement is generally the sole issue in a §2241 action. See *United States v. Jordan,* 915 F.2d 622, 629 (11th Cir. 1990); see also *Chambers v. United States*, 106 F.3d 472, 474-75 (2nd Cir.1997) (articulating instances where a federal prisoner may properly file a § 2241 petition). A collateral attack on the validity of a federal conviction and sentence, is more properly brought under 28 U.S.C. § 2255 in the district of conviction. *Jordan,* 915 F.2d at 629; *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hadjuk v. United States*, 764 F.2d 795 (11th Cir. 1985). A defendant who filed a previous § 2255 motion and was denied relief may not circumvent the rule restricting successive motions simply by filing new claims in a petition under § 2241.

Title 28 U.S.C. § 2255(e) provides in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added); *Wofford v. Scott*, 177 F.3d 1236, 1238 (11th Cir. 1999) (quoting § 2255 with added emphasis). The italicized language is known as the "savings clause," and could allow habeas corpus review of a claim barred as successive under § 2255, but only in limited circumstances.

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Wofford*, 177 F.3d at 1244; *Darby v. Hawk-Sawyer*, 405 F.3d. 942, 945 (11th Cir. 2005); see also *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001); *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Failure to meet a single prong means a petitioner's claim fails. See *Wofford,* 177 F.3d at 1244; *Flint v. Jordan*, 514 F.3d 1165, 1168 (11th Cir. 2008). To prove an offense is non-existent, a petitioner must show he was imprisoned for conduct that was not prohibited. *Darby*, *supra, (citing Sawyer v. Holder*, 326 F.3d 1363, 1366 (11th Cir. 2003)). Once the petitioner establishes the application of the savings clause to his case, the court must inquire as to whether he can establish actual innocence of the crime for which he has been convicted. *Wofford*, 177 F.3d at 1244.

To the extent a petitioner claims that the instant claim does not fall within the purview of 28 U.S.C. § 2255, he is mistaken. And, restrictions on successive section 2255 motions, standing alone, do not render that section "inadequate or ineffective" within the meaning of the savings clause. *Wofford*, 177 F.3d at 1244-1245; see also *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998) (noting that it cannot be right and would nullify the AEDPA limitations if a prisoner, prevented from obtaining relief under § 2255, could simply turn to § 2241). Section 2241 does not provide an additional, alternative or supplemental remedy to 28 U.S.C. §2255 or an additional bite at the proverbial apple, particularly when the identical issues could have been raised in a timely § 2255 motion or on direct appeal. See, e.g., *Wofford, supra; Triestman v. United States,* 124 F.3d 361, 376 (2nd Cir. 1997); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). The § 2255 remedy is not rendered "inadequate or ineffective" simply because a prior claim under that section has been denied or disallowed, *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001), or because petitioner has been denied permission to file a second or successive § 2255 motion, *see Darby,* 405 F.3d at 945; *United States v. Barrett*, 178 F.3d 34, 50 (1st Cir. 1999); *Wofford*, 177 F.3d at 1245; *Davenport*, 147 F.3d at 608, or because a second or successive § 2255 motion has been dismissed. See *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999). Likewise, the fact that petitioner cannot meet the gate-keeping requirements of the Antiterrorism and Effective Death Penalty Act does not open the door to a § 2241 petition. *Jiminian v. Nash*,

245 F.3d 144, 147-48 (2nd Cir. 2001); *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999).

Accordingly it is respectfully RECOMMENDED:

That the petition for writ of habeas corpus under § 2241 (doc. 1) be summarily denied.

At Pensacola, Florida this 12th day of November, 2010.


/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).